76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zewditu SHAREW, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70653.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided Jan. 25, 1996.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 To be eligible for asylum, Sharew had to prove she was a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). 8 C.F.R. § 208.13. The BIA determined Sharew failed to carry this burden. We may reverse the BIA's determination only if she shows the evidence she presented was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). As the BIA observed, however, Sharew's testimony about the dates of her alleged imprisonment was internally inconsistent; it was also inconsistent with dates she provided in her asylum request and those set forth in a document she held out as officially memorializing her release from prison. The BIA also pointed out that the authenticity of the alleged prison release document was facially suspect: It was hand-written on lined paper and it contained two purportedly official seals, made not with rubber stamp and ink as Sharew claimed, but hand-drawn--one, apparently, with a compass.
 
 
 3
 Sharew argues the BIA erred in not submitting the document to the INS's document analysis unit for further examination. She provides no authority, however, for the proposition that the BIA must submit a document for further examination where it is untrustworthy on its face.
 
 
 4
 Sharew also argues she was merely "confused during her testimony about the specific year [of her alleged imprisonment] because of problems that she had in translating and adjusting for differences between the Ethiopian Calendar and the Gregorian Calendar." Petitioner's Opening Brief at 4. The BIA, however, was entitled to conclude that Sharew's testimony was inconsistent because she wasn't being truthful.
 
 
 5
 Because the BIA properly determined that Sharew is ineligible for asylum, she is also not entitled to withholding of deportation. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 6
 PETITION DENIED.